NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COACHELLA MUSIC FESTIVAL, LLC and GOLDENVOICE, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT TREVOR SIMMS and DOES 1-20<br><br>Defendants. | Case No. 2:17-cv-06059 RGK (GJSx)<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hon. R. Gary Klausner |

WHEREAS, on August 15, 2017, Plaintiffs Coachella Music Festival, LLC ("Coachella") and Goldenvoice, LLC ("Goldenvoice," and collectively, "Plaintiffs") filed a Complaint ("Complaint") against Defendants Robert Trevor Simms ("Simms") and Does 1-20 (collectively, "Defendants");

WHEREAS, on August 18, 2017, Plaintiffs moved for a preliminary injunction against Defendants, seeking to prevent Defendants from using the terms "Filmchella," "Filmchilla," "Coachella for Movies," "Coachella Film Festival," or any other confusingly similar variant of Coachella's trademarks, arguing that Defendants were trading on the valuable goodwill of Plaintiffs and their Coachella Marks, and that unless enjoined, Defendants' unlawful actions would cause consumer confusion, dilution of Plaintiffs' marks, and other irreparable harm;

WHEREAS, on October 10, 2017, after determining that Plaintiffs had raised serious questions as to the merits concerning their trademark infringement claim, that the balance of equities tipped sharply in Plaintiffs' favor, that Plaintiffs were likely to suffer irreparable harm in at least the form of reputational harm absent the issuance of an injunction, and that an injunction advanced the public interest in the right of the public not to be deceived, the Court granted Plaintiffs' Motion for a Preliminary Injunction (Dkt. 38);

WHEREAS, in its October 10, 2017 Order, the Court made the following Statements:

• Coachella Music Festival and Goldenvoice seek a preliminary injunction to prevent Simms from using the terms "Filmchella," "Coachella for Movies," "Coachella Film Festival," or any other confusingly similar variant of its mark. (Order at 1).

• Plaintiffs move for a preliminary injunction to prevent Simms from continuing to use the term "Filmchella" or other terms that might dilute or otherwise infringe on the Coachella trademarks. (Order at 3).

• The Court grants the requested relief. (Order at 13).

WHEREAS, on October 30, 2017, Simms filed a Motion for Reconsideration

1

and Clarification of the Preliminary Injunction, and on November 13, 2017, Plaintiffs' filed their own Motion for Reconsideration and Clarification of the Preliminary Injunction;

WHEREAS, Simms argued in his motion that the Court's original Injunction Order was insufficiently clear and referred to other documents in violation of FRCP 65(d);

WHEREAS, the parties both sought in their respective motions that the Court clarify whether the designation "Filmchilla" was within the scope of the injunction;

WHEREAS, the parties both sought in their respective motions that the Court clarify whether, or to what degree, prior uses of the enjoined mark must be, with Plaintiffs arguing that all prior uses of any enjoined term must be removed and Simms arguing the contrary;

WHEREAS, Simms sought the Court's clarification as to whether he may use the enjoined terms for the limited purpose of redirecting web traffic to his current website, and whether he may use the enjoined terms as metatags to allow web users to find his website on Internet search engines;

WHEREAS, Simms sought the Court's clarification as to whether he may use the enjoined terms in his movie project, tentatively titled "Filmchella", which he explained would be a "docudrama";

WHEREAS, the Court reviewed the parties' motions for Reconsideration and Clarification, and the entire record in this case, and on December 13, 2017 denied both parties' motions and issued an Order (Dkt. 71) that the parties lodge proposed injunction orders consistent with the Order.

WHEREAS, the Court finds "Filmchilla" uses only one different letter than "Filmchella"; it otherwise looks exactly the same stylistically. The Court finds that "Filmchilla" is within the scope of the injunction;

WHEREAS, the Court finds that using the enjoined terms as domain names, ~~even~~ if ~~solely~~ for the purpose of redirecting web traffic ~~or~~ to promote or advertise

Defendants' festival, falls within the scope of the injunction;

WHEREAS, the Court finds that using "Filmchella" or "Filmchilla" as metatags does not fall within the scope of the injunction. However, the Court finds that using "Coachella" as metatags does fall within the injunction's scope; and

WHEREAS, the Court cannot analyze every possible use of the word "Filmchella" but finds that using the term "Filmchella" as the title for Simms's docudrama does not fall within the injunction's scope.

**NOW THEREFORE**, the Court DENIES the Defendant's Motion for Reconsideration and DENIES Plaintiffs' Motion for Reconsideration, and clarifies the Preliminary Injunction as follows:

It is **ORDERED** that:

1. For the purposes of this Order, the following definitions shall apply:

    a. Enjoined Term shall mean: COACHELLA FOR MOVIES, COACHELLA FILM FESTIVAL, FILMCHELLA, FILMCHILLA, FILMCHLLA, FILMCOACHELLA, COACHELLA, COACHELLA VALLEY MUSIC & ARTS FESTIVAL, CHELLA, CHELA, or any confusingly similar designation thereto; and

    b. Enjoined Conduct shall mean: entertainment ~~services~~ events, including but not limited to, film festivals, film screenings~~, musical~~ and events.

2. Defendants, and their officers, agents, servants, employees and attorneys, and all other persons acting in concert with or participation with Defendants who receive actual notice of the Court's preliminary injunction, are enjoined from using, reposting, marketing, promoting or applying to register as a mark~~, or linking to,~~ any Enjoined Term on or in connection with any Enjoined Conduct. These restrictions further prohibit Defendants from:

    a. Using, reposting, marketing, promoting, or applying to register as a mark~~, or linking to,~~ any domain name that includes, in whole or in part, any Enjoined Term~~, or any confusingly similar term thereto (including, but not limited~~

3

to, ~~filmcoachella.com, filmchella.com, or filmchilla.com)~~, on or in connection with any Enjoined Conduct;

  b. Using, reposting, promoting, or applying to register as a mark~~, or linking to,~~ any online account name, display name, or social media account name that includes, in whole or in part, any Enjoined Term~~, or any confusingly similar term thereto,~~ on or in connection with any Enjoined Conduct (provided however, the historical record may remain, except to the extent ~~hosted on Simms's current, past, and future websites, social media accounts, and marketing activities~~, as ~~further~~ detailed in Paragraph 3 below);

  c. Using, or applying to register, any Enjoined Term, in whole or in part, as a URL, URI, or webpage title, ~~email address, keyword, or sponsored term,~~ on or in connection with any Enjoined Conduct;

  d. Using as metatags or metadata any Enjoined Term, with the exception of FILMCHELLA and FILMCHILLA, on or in connection with any Enjoined Conduct;

 3. Defendants shall take all reasonable efforts to promptly remove from websites and social media accounts under Defendants' control, ~~past~~ promotional materials which use~~s~~ any Enjoined Term to advertise or promote Enjoined Conduct. Notwithstanding this restriction, Defendants need not scrub the Internet of every last mention of Defendants' September, 2017 event.

 4. This Order does not prohibit Simms from using the term "Filmchella" as the title of his movie, or within the movie itself. ~~However, consistent with the restrictions of Paragraph 2, this Order prohibits the use of "Filmchella" (or any of the Enjoined Terms) on or in connection with the provision of certain goods and services, (*i.e.*, the Enjoined Conduct).~~

It is further **ORDERED** that, Defendants, and their officers, agents, servants, employees and attorneys, and all other persons acting in concert with or participation with Defendants who receive actual notice of the Court's preliminary injunction, shall not

4

assist, aid or abet any other person or business entity in engaging in or performing any of the activities recited in paragraph 2, including subparagraphs (a) - (d) above.

It is further **ORDERED** that, based on the facts presented and the balance of equities, no bond is required and that this injunction goes into effect immediately upon its entry.

It is further **ORDERED** that Defendant is admonished that sanctions will be levied for any future violations of the Court's injunction.

**IT IS SO ORDERED.**

DATED: January 04, 2018

_____
R. Gary Klausner
U.S. District Judge